Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2294 | **DATE** | 4/13/11 |
| **CASE TITLE** | Marcus Campbell a/k/a Lavelle Williams (#2011-0216076) vs. State of Illinois | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff sues the State of Illinois for mislabeling his prior criminal conviction as a sex crime, and for requiring him to register as a sex offender.

The court finds that the plaintiff is unable to prepay the filing fee. The court accordingly grants the plaintiff's motion for leave to proceed *in forma pauperis*. Because the plaintiff has a zero balance in his inmate trust account and no income in the six months preceding the initiation of this lawsuit, the initial partial filing fee is waived pursuant to 28 U.S.C. §1915(b)(4). However, the trust officer at the plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. See 28 U.S.C. § 1915(b)(2). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law.

The court cannot, in the context of a civil rights action, entertain the plaintiff's claim that he was "falsely convicted." "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. A finding that the plaintiff was wrongfully convicted would, of course, call into question the propriety of that conviction.

If the plaintiff seeks federal review of his convictions for unlawful restraint and aggravated battery, he must file a petition for a writ of habeas corpus, and only after exhausting state court remedies. *See* 28 U.S.C. § 2254. The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.*

The plaintiff's claim that he should not have to register as a sex offender likewise lies by way of habeas. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *See, e.g., Muhammad v. Close*, 540 U.S. 749, 750 (2004), *citing Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "If the prisoner is seeking what can be fairly described as a quantum change in the level of custody-- whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation," then his only remedy is habeas corpus. *Glaus v. Anderson*, 408 F.3d 382, 386-387 (7th Cir. 2005), *quoting Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Again, a finding that the plaintiff's convictions do not qualify as sex crimes would be tantamount to a ruling that the plaintiff need not register and report as a sex offender. As such, the plaintiff's only course for relief in federal court is to file a habeas corpus action.

The plaintiff also sues the State of Illinois for damages, arguing that he has been defamed by being labeled a sex offender. However, because a person does not have a liberty or property interest in his reputation, defamation is not actionable under 42 U.S.C. § 1983. *See Spencer v. Kemma*, 523 U.S. 1, 25 n.4, *citing Paul v. Davis*, 424 U.S. 693, 712 (1976). Defamation alone, even by a state actor, does not amount to a constitutional violation. *Abcarian v. McDonald*, 617 F.3d 931, 941 (7th Cir. 2010), *citing Paul*; *see also Bowens v. Quinn*, 561 F.3d 671, 675 (7th Cir. 2009) ("[T]hough having a criminal record does reduce a person's job opportunities by impairing his reputation for good character, reputation is not a property or liberty interest within the meaning of the due process clauses of the federal Constitution").

In addition, the only named defendant, the State of Illinois, is immune from suit for damages. The Eleventh Amendment bars private litigants' suits against the State, with the exception of causes of action where Congress **(CONTINUED)**

| STATEMENT (continued) |
|---|

has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). Accordingly, the plaintiff cannot sue the State for defamation or slander.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Dismissal is without prejudice to pursuing any type of relief that may be available in state court or by way of habeas corpus. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."